UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAN ANTHONY RIKER,

                    Petitioner,

v.                                              No. 16-cv-446-PP

WARDEN GARY BOUGHTON,

                    Respondent.

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1)
AND DIRECTING PETITIONER TO RESPOND, AND DENYING WITHOUT
PREJUDICE PETITIONER'S MAY 16, 2016 MOTION FOR DISCOVERY
(DKT. NO. 7)**

Petitioner Sean Anthony Riker, a prisoner incarcerated at the Wisconsin Secure Program Facility, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. In the Circuit Court of Racine County, Wisconsin, the petitioner was convicted of multiple crimes of violence and was sentenced to over 200 years of incarceration.

Following his conviction, the petitioner pursued a direct appeal, in which he argued that the evidence was insufficient to sustain his conviction and that the sentence imposed was excessive. The Wisconsin Court of Appeals affirmed the petitioner's conviction and sentence, and the Wisconsin Supreme Court denied review. The petitioner then filed a post-conviction motion under Wis. Stat. §974.06 in the Circuit Court of Racine County, Wisconsin, in which he reasserted his insufficiency of the evidence and excessive sentence claims, along with several new claims: ineffective assistance of trial counsel, ineffective

1

assistance of appellate counsel, and a claim that the trial court erroneously admitted evidence of "other acts" which deprived the petitioner of a fair trial by biasing and confusing the jury. The circuit court denied that motion.

Rule 4 of the Rules Governing §2254 Proceedings says:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

When screening a *habeas* petition, the court must determine whether the petitioner has exhausted all of his state-court remedies as to each claim contained in the petition. A district judge cannot consider the merits of a petitioner's habeas claims "unless the state courts have had a full and fair opportunity to review them." <u>Farrell v. Lane</u>, 939 F.2d 409, 410 (7th Cir. 1991). The petitioner first must have appealed the issues raised in the federal *habeas* petition all the way up to the highest court in the state for a ruling on the merits. <u>Lieberman v. Thomas</u>, 505 F.3d 665, 669 (7th Cir. 2007) (citations omitted).

In this case, the court finds that the petitioner's claims generally are cognizable on *habeas* review, and the court cannot determine from the face of the petition that any of these claims are procedurally defaulted. As far as the court can tell, however, the only claims that the petitioner presented to all levels of the Wisconsin courts are his insufficiency of the evidence and excessive sentence claims. The petition reflects that he raised those claims at

all three levels of his direct appeal. The petitioner presented his remaining claims only to the trial court in his §974.06 post-conviction motion; he has not yet presented those claims to each level of the Wisconsin appellate courts.

Because the petitioner brings both exhausted and unexhausted claims, his petition is a "mixed petition." A federal district court cannot decide a mixed petition. Rhines v. Weber, 544 U.S. 269, 274-75 (2005). When a federal judge reviews a petition and realizes that the petitioner has not exhausted his state court remedies, the judge may dismiss the case entirely, stay the federal case to let the petitioner go back to state court to exhaust his remedies, or allow the petitioner to amend his petition to remove the unexhausted claims. 28 U.S.C. §2254(b)(1)(A); see also, Rhines, 544 U.S. at 278; Rose v. Lundy, 455 U.S. 509, 510 (1982); Dressler v. McCaughtry, 238 F.3d 908, 912 (7th Cir. 2001).

The petitioner filed his petition relatively close to the expiration of the one-year limitations period in which he was required to bring his *habeas* claims under §2244(d)(1). A federal *habeas* petition, unlike a properly filed state court post-conviction petition or motion, does not toll (or pause) that statute of limitations. If the court were to dismiss the petition because it is mixed, it is possible (perhaps probable) that the petitioner would lose the opportunity for federal review of his exhausted claims before he has the opportunity to exhaust his remaining claims in the state courts. In this situation, courts usually will offer the petitioner a choice. The petitioner can decide to withdraw his unexhausted claims, after which the petition would no longer be mixed and the petitioner could proceed immediately with his

3

exhausted claims in the federal *habeas* case. The petitioner must understand, however, that by choosing option, he possibly could lose his opportunity to seek federal *habeas* review of his unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 520–21 (1982).

The petitioner's second option is to ask the court to stay further proceedings on this petition and hold it in abeyance while he exhausts his unexhausted claims in the state courts. After the state court proceedings—including appeals—have concluded, the petitioner could return to this court and obtain federal review of all of his claims at one time. This second choice would preserve the petitioner's opportunity for federal review of all of his claims, although it would result in some delay in the court's adjudication of his exhausted claims. If the petitioner chooses the second option, he must also show good cause for court to stay action on his petition. Rhines, 544 U.S. at 277. The petitioner must show that (1) there is good cause for the petitioner's failure to exhaust his claims in state court before filing his federal *habeas* petition, (2) the unexhausted claims are potentially meritorious, and (3) the petitioner did not engage in intentionally dilatory litigation tactics. Id. at 277–78.

The petitioner also has asked the court to issue two subpoenas for evidence that the petitioner claims would support his claim of innocence. Dkt. No. 7. The court construes this request as a motion for discovery. Dkt. No. 7. The court will deny this motion for a couple of reasons. First, as the court explained above, it cannot rule on the petition at this time, because it is mixed.

4

The petitioner must decide whether he wants to ask the court to dismiss this *habeas* case altogether, or to dismiss only his unexhausted claims, or to stay the federal *habeas* case while he exhausts his unexhausted claims in state court.

Second, until the court knows which claims it will be deciding (and when), it cannot tell whether discovery is appropriate. Because a *habeas* case is a review of what already happened in an old case (and not the start of a new case), it is not often that courts allow discovery of new evidence in the context of a *habeas* petition. The court cannot tell whether this is one of those unusual cases in which discovery would be appropriate until it knows which claims the petitioner is going to pursue in federal court, and when.

The court **ORDERS** that on or before **JUNE 27, 2016**, the petitioner shall file a document, in which he states whether he chooses to dismiss this federal *habeas* case, or withdraw his unexhausted claims and proceed with only with his insufficiency of the evidence and excessive sentence claims, or to request a stay and abeyance of the federal case so that he may attempt to exhaust his unexhausted claims in state court. If the petitioner has not filed such a document by June 27, 2016, the court will dismiss the petition without

5

prejudice. The court **DENIES WITHOUT PREJUDICE** the petitioner's May 16, 2016 discovery motion. Dkt. No. 7.

Dated in Milwaukee, Wisconsin this 27th day of May, 2016.

BY THE COURT:

_____

HON. PAMELA PEPPER
United States District Judge