UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

SEAN ANTHONY RIKER,

                              Petitioner,

v.                                                      No. 16-cv-446-PP

WARDEN GARY BOUGHTON,

                              Respondent.

_____

**ORDER DIRECTING RESPONDENT TO RESPOND TO THE PETITION (DKT. NO. 1) AND DEFERRING RULING ON PETITIONER'S MOTION TO COMPEL DISCOVERY (DKT. NO. 10)**

_____

      Petitioner Sean Anthony Riker, a prisoner incarcerated at the Wisconsin Secure Program Facility, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. The court screened that petition under Rule 4 of the Rules Governing §2254 Proceedings, and determined that the petition appeared to contained both exhausted and unexhausted claims. Dkt. No. 8. This court cannot review a mixed *habeas* petition. <u>Rhines v. Weber</u>, 544 U.S. 269, 274-75 (2005). Consistent with the guidance that the Supreme Court provided in <u>Rhines</u>, the court gave the petitioner the option to dismiss his petition and attempt to exhaust his unexhausted claims, or to withdraw his unexhausted claims and proceed with his insufficiency of the evidence and excessive sentence claims, which appear to be exhausted. The petitioner has chosen to withdraw his unexhausted claims and proceed only on his exhausted claims. Dkt. No. 9.

1

At this preliminary stage, it appears to the court that the petitioner has presented his insufficiency of the evidence and excessive sentence claims to each level of the Wisconsin state courts, and ultimately was denied relief. The court cannot determine from the petition and its attachments that either of these claims is procedurally defaulted. The court notes, however, that at this stage in the case, the respondent has not had an opportunity to weigh in on the exhaustion and procedural default questions; nothing in this order prevents the respondent from arguing that the petitioner has not exhausted his claims or has procedurally defaulted one or both of his claims, or from filing pleadings based on either such argument.

The petitioner also has renewed his demands for discovery. See Dkt. No. 9 at 2-3; Dkt. No. 10. He claims that staff members of the institution where he currently is incarcerated confiscated a printed form and a case document that the petitioner had intended to present as evidence with regard to his *habeas* claims. See id. The petitioner has not described the court document, explained how it relates to his *habeas* claims, or explained why the staff members confiscated the request form or the court document. The petitioner asked the court to order the institution "to release the document to the petitioner, and furthermore to cease violating his rights." Id. He also demanded that the respondent provide him with "a complete discovery . . . from the beginning of this case." Dkt. No. 9 at 3.

The petitioner did not cite any authority—any laws or rules or case law—in support of his motion. The court can't tell for sure, because the only

2

Case 2:16-cv-00446-PP   Filed 06/30/16   Page 2 of 5   Document 11

At this preliminary stage, it appears to the court that the petitioner has presented his insufficiency of the evidence and excessive sentence claims to each level of the Wisconsin state courts, and ultimately was denied relief. The court cannot determine from the petition and its attachments that either of these claims is procedurally defaulted. The court notes, however, that at this stage in the case, the respondent has not had an opportunity to weigh in on the exhaustion and procedural default questions; nothing in this order prevents the respondent from arguing that the petitioner has not exhausted his claims or has procedurally defaulted one or both of his claims, or from filing pleadings based on either such argument.

The petitioner also has renewed his demands for discovery. See Dkt. No. 9 at 2-3; Dkt. No. 10. He claims that staff members of the institution where he currently is incarcerated confiscated a printed form and a case document that the petitioner had intended to present as evidence with regard to his *habeas* claims. See id. The petitioner has not described the court document, explained how it relates to his *habeas* claims, or explained why the staff members confiscated the request form or the court document. The petitioner asked the court to order the institution "to release the document to the petitioner, and furthermore to cease violating his rights." Id. He also demanded that the respondent provide him with "a complete discovery . . . from the beginning of this case." Dkt. No. 9 at 3.

The petitioner did not cite any authority—any laws or rules or case law—in support of his motion. The court can't tell for sure, because the only

description of the document he gives is "Riker v. Riker case document," but it appears that he is asking for a court document relating to a civil case in which he was a party. If that is true, it is difficult for the court to see how that document would be relevant to his insufficiency of the evidence and excessive sentence claims. For that reason, the court will construe both the petitioner's discovery demand (contained in his response to the court's request that he inform the court how he wanted to proceed, Dkt. No. 9 at 2-3) and motion (Dkt. No. 10) as motions under Rule 7 of the Rules Governing §2254 Proceedings, which allows the court to direct the parties to submit additional materials related to the petition.

While the court has discretion under Rule 7, the court is not going to require the respondent to produce documents at this time. As of the date of this order, the respondent has not yet been served with the petition and has not had an opportunity to file his answer or the materials described in Rule 5 of the Rules Governing §2254 Proceedings. He hasn't seen the petitioner's motion discovery demand or motion, and for that reason, hasn't had a chance to respond. The discovery demand and motion are premature, and the court will wait to rule on them until after the respondent has been served and had the opportunity to respond.

### III. CONCLUSION

The court **ORDERS** that the petitioner may proceed on the insufficiency of the evidence and excessive claims in his *habeas* petition (grounds One and

3

Three of the petition). The court **ORDERS** that the petitioner's remaining unexhausted claims (grounds Two and Four of the petition) are **DISMISSED**.

The court **ORDERS** that within **sixty** days of the date of this order, the respondent shall **ANSWER OR OTHERWISE RESPOND** to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that within **sixty** days of the date of this order, the respondent shall **RESPOND** to the petitioner's discovery motion. (Dkt. No. 9 at 2-3; Dkt. No. 10)

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has **forty-five (45) days** after the respondent files his answer to file his brief in support of his petition;

(2) the respondent has **forty-five (45) days** after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has **thirty (30) days** after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within **forty-five (45) days** of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within **thirty (30) days** of the date the petitioner files the opposition brief.

Pursuant to Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed **thirty (30)** pages, and reply briefs may not exceed **fifteen (15)** pages, not counting any statements of facts, exhibits and affidavits.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, the Attorney General for the State of Wisconsin and Gary Boughton, Warden of the Wisconsin Secure Program Facility, will receive copies of the petition and this order electronically.

Dated in Milwaukee, Wisconsin this 30th day of June, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

5

Case 2:16-cv-00446-PP   Filed 06/30/16   Page 5 of 5   Document 11