UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAN A. RIKER,

    Petitioner,

  v.             Case No. 16-cv-446-pp

WARDEN GARY BOUGHTON,

    Respondent.

**ORDER DENYING WITHOUT PREJUDICE THE PETITIONER'S MOTION FOR ORDER TO VIEW AND COPY EXCULPATORY EVIDENCE FROM CONFISCATED COMPUTERS (DKT. NO. 21), AND GRANTING THE PETITIONER'S REQUEST TO WITHDRAW HIS EMERGENCY MOTION FOR RETURN OF LEGAL WORK (DKT. NO. 24)**

  The petitioner has challenged his convictions on five counts of physical abuse of a child; three counts of first-degree recklessly endangering safety; two counts of causing mental harm to a child; and one count each of strangulation and suffocation, misdemeanor battery, repeated sexual assault of a child, first-degree sexual assault of a child, possession of a firearm by a felon and possession of a short-barreled rifle. Dkt. No. 1. The court state court sentenced the petitioner to total of 269 years. Id. After screening the petition, this court concluded that the only claims that the petitioner presented to all levels of the Wisconsin courts were his insufficiency of the evidence and excessive sentence claims. Dkt. No. 8 at 2. After the petitioner responded that he would proceed solely on those exhausted claims and the court ordered the respondent to answer to the petition, the court dismissed the unexhausted grounds, grounds

1

two (ineffective trial and appellate attorneys) and four (the introduction of alleged other acts evidence from events that occurred in Utah). Dkt. No. 11 at 3-4.

On October 3, 2016, the petitioner filed a motion seeking an order allowing him to view and copy exculpatory evidence from his computers, which the Racine County Sheriff's Department had confiscated. Dkt. No. 21. According to the petitioner, approximately six months prior to his (allegedly false) arrest, he hid in the storage data on his computers emails that would prove he is innocent. He asked the court to order that he be allowed to access the computers (and indicated that he did not object to being monitored while he did so). Id.

The petitioner also filed an emergency motion for return of his legal work. Dkt. No. 24. The petitioner alleged that during a mass cell search, officers at the Wisconsin Secure Program Facility (where the petitioner is incarcerated) confiscated every piece of paper that would prove his innocence. Id. He also alleged that the computers contained numerous photos taken during the time he was alleged to have been physically violent with his family; he argued that these photos showed evidence to the contrary. Id. On March 23, 2017, the court ordered the respondent to file a brief responding to both motions. Dkt. No. 38.

A.   The Petitioner's Motion to View and Copy Exculpatory Evidence Dkt. No. 21)

In his April 14, 2017 response, the respondent argued that the court should deny the petitioner's motion for an order allowing him access to his

2

computers, because any evidence on those computers would not be relevant to the issue pending before this court: whether the Wisconsin Court of Appeals unreasonably applied Jackson v. Virginia, 443 U.S. 307 (1979) when it held that the evidence presented at trial was sufficient for a jury to find the petitioner guilty on nine of the sixteen counts. Dkt. No. 39 at 1. The respondent characterized the petitioner's request as a new constitutional challenge—an argument that the prosecution withheld exculpatory evidence (the material on the computers). Id. at 1-2. The respondent argued that the petitioner never had raised this claim in the state courts (even though he alleged that he received the exculpatory emails six months prior to his arrest), and thus that he had not exhausted his remedies as to this claim. Id. at 2. As to the petitioner's allegation that the computers contain numerous photos of the petitioner's family in a healthy and happy state, the respondent also argued that the photos would not exculpate the petitioner, particularly because the jury saw the same or similar photos at trial. Id. at 3.

In his reply, the petitioner continues to assert that he received the emails from his ex-wife, stating that she would set him up and put him in prison for life, and that the thousands of photos of his family would belie the allegations at trial that he beat his wife and children on a daily basis. Dkt. No. 40. As to the fact that he did not raise these issues in state court, the petitioner alleged that the Racine County Sheriff's Department refused to let his attorney's expert "extract a copy of anything from the computers," and that his attorney was incompetent. Id. at 3.

The court will deny the motion without prejudice. Neither the emails from the petitioner's ex-wife nor the family photos are "newly-discovered evidence." The petitioner himself says that he hid the emails on the computer prior to his arrest. His argument that the Racine County Sheriff's Department refused to allow his lawyer access to the computer is not newly-discovered evidence, either; the petitioner has known that fact since the time that his state case was pending. Despite having known about this allegedly exculpatory evidence for years, the petitioner never raised the issue in state court prior to filing a federal *habeas* petition.

Typically petitioners raise claims of actual innocence when they are confronted with the fact that they are not entitled to *habeas* relief because they have violated some procedural rule. McQuiggin v. Perkins, 569 U.S. 383, 392 (2013). Without evidence that an independent constitutional violation occurred during the underlying state criminal proceedings, no court has held that a claim of actual innocence states a ground for federal *habeas* relief. Herrera v. Collins, 506 U.S. 390, 391 (1993). The Supreme Court has not resolved the question of whether a petitioner may be entitled to *habeas* relief on a freestanding claim of actual innocence. McQuiggin, 569 U.S. at 392.

At the end of his motion, the petitioner indicates that if the court denies the motion, he wants to continue to proceed on his two exhausted claims, and raise the exculpatory evidence/actual innocence claims in a separate *habeas* case (if he loses this one). Dkt. No. 40 at 5. The petitioner later sent a letter to the clerk of court, asking the clerk whether he could file a second petition

4

under 28 U.S.C. §2254 while his first one was pending, and whether a second petition would "void" the one that currently is pending. Dkt. No. 41. The clerk of court appropriately responded that it could not provide litigants with legal advice. Dkt. No. 41-1. The clerk did provide the defendant with an informational booklet on prisoner *habeas* cases. Id.

Because the petitioner did not raise his exculpatory evidence claim in state court, he has not exhausted that claim and cannot bring it in this federal *habeas* case. The court will deny the petitioner's motion without prejudice.

B. The Petitioner's Motion for Emergency Order for Respondent to Return Legal Work (Dkt. No. 24)

With respect to the petitioner's request for the return of legal paperwork, the respondent points out that the petitioner himself concedes that the "bulk" of his paperwork was returned to him, and that he has not identified which documents weren't returned. Dkt. No. 39 at 4.

In his reply brief, the petitioner agreed to withdraw this motion. Dkt. No. 40 at 5. While he asserts that the respondent kept "three inches" of the documents he seized, the petitioner concedes that he cannot prove this, but expresses sadness about that fact. Id. The court notes that three days after it received the petitioner's motion for return of the paperwork, it received a letter from the petitioner, stated that he'd received back all but "3-5 inches" of his paperwork. Dkt. No. 25.

Even if, as the petitioner argues, the respondent kept a stack of papers seized from the petitioner's cell, the petitioner has not described these papers— what were they, what information they contained—and he has not explained

5

how they are critical to his petition for *habeas* relief. The court notes that on October 26, 2016—*after* the respondent allegedly retained three inches of documents—the petitioner filed his reply in support of his petition. Dkt. No. 33. That reply contains over 373 pages, plus three DVDs. Because the petitioner concedes that he has no proof to support his motion, and because he appears to have been capable of filing a reply brief and numerous attachments despite the alleged missing documents, the court will allow the petitioner to withdraw the motion.

C. Conclusion

The court **DENIES** the petitioner's motion to compel access to computers. Dkt. No. 21. The court **GRANTS** the petitioner's request to withdraw his motion for return of legal work (contained in Dkt. No. 40), and **ORDERS** that the motion is **WITHDRAWN**. Dkt. No. 24.

The court currently has the petition under consideration; there is nothing further for either party to do at this time but await the court's decision.

Dated in Milwaukee, Wisconsin this 18th day of December, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**