UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAN A. RIKER,

        Petitioner,

                                Case No. 16-cv-446-pp

  v.

WARDEN GARY BOUGHTON,

        Respondent.

**ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS (DKT. NO. 64) AND DENYING MOTION TO WITHDRAW FILING FEE FROM RELEASE ACCOUNT (DKT. NO. 63)**

On December 31, 2019, the court denied the petition for a writ of *habeas corpus* and dismissed the case. Dkt. No. 52. The court entered judgment the same day. Dkt. No. 53. The defendant filed a notice of appeal on January 22, 2020. Dkt. No. 55.

Four months later, on April 22, 2020, the court received two motions from the petitioner. One motion was a request to allow him to proceed with the appeal *in forma pauperis*—that is, without paying the $505 filing fee. Dkt. No. 64. The other was a request for the court to order the prison in which he is incarcerated to allow him to use the funds in his release account to pay the appellate filing fee. Dkt. No. 63.

The court does not understand why the petitioner both asked to proceed without paying a filing fee *and* asked for authority to pay the filing fee out of his release account. Regardless, the court has analyzed both motions.

1

Under Federal Rule of Appellate Procedure 24(a)(3), a district court may allow an appellant to proceed without prepaying the appellate filing fee if it finds the appellant to be indigent and the appeal to be taken in good faith. Fed. R. App. P. 24(a)(3). Because the Prison Litigation Reform Act does not apply to *habeas* cases, <u>Walker v. O'Brien</u>, 216 F.3d 626, 634 (7th Cir. 2000), the court decides whether a *habeas* appellant is indigent by relying on the information the petitioner provides in his affidavit of indigence. <u>See</u> <u>Martin v. United States</u>, 96 F.3d 853, 855-56 (7th Cir. 1996). The petitioner's affidavit of indigence indicates that he receives $100 per month as a gift from his family (and, while it isn't entirely clear, perhaps $7 a month from the state). Dkt. No. 64 at 1-2. He says he has not worked for ten years. <u>Id.</u> at 2. He reported that he had only $184.55 in his prison trust account but has $1,044.98 in his release account. <u>Id.</u> at 3. Otherwise, the petitioner reports no assets.

The petitioner does not have enough money in his trust account to pay the $505 filing fee. He *does* have enough money in his release account. "A release account is a separate prison trust account that, under Wisconsin law, contains funds to be made available to an inmate upon his release (although both state and federal courts in Wisconsin have permitted its use to pay at least initial court filing fees). *See* Wis. Adm. Code § DOC 309.466; *Kennedy v. Huibregtse*, 831 F.3d 441, 442 (7th Cir. 2016); *Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005)." <u>Olson v. Schwochert</u>, 783 F. App'x 614, 616 (7th Cir. 2019). As noted above, in cases governed by the PLRA, federal courts have ordered institutions to allow plaintiffs to pay their initial partial filing

2

fees—the prerequisite for screening an inmate complaint and allowing him to proceed without prepaying the full filing fee—out of their release accounts. But this *habeas* case is not governed by the PLRA. Federal courts in Wisconsin have held that "with the exception of initial partial payments [in PLRA cases], [federal courts] do[] not have the authority to tell state officials whether, and to what extent, a prisoner should be able to withdraw money from a release account." Saddler v. Hewitt, No. 19-cv-81-jdp, 2019 WL 4242483, at *5 (W.D. Wis. Sept. 6, 2019). The court will deny the petitioner's motion to order the prison to pay the appellate filing fee out of his release account.

That means, however, that it would be unfair for the court to consider the money in the petitioner's release account when considering whether he can pay the $505 filing fee. Considering only the $185 in the petitioner's trust account and his gift income of $100 a month, the court concludes that the petitioner does not have the ability to pay the filing fee.

As for good faith, the Seventh Circuit has cautioned that district courts should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involved "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also, Coppedge v. United States, 369 U.S. 438, 445 (1962).

Although the court declined to issue a certificate of appealability in its December 31, 2019 order, the Seventh Circuit has warned district courts against conflating the good faith and certificate of appealability standards; declining to issue a certificate of appealability "is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." <u>Walker v. O'Brien</u>, 216 F.3d 626, 634 (7th Cir. 2000). "To determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." <u>Id.</u> On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim—that is, claims that no reasonable person could suppose have any merit. <u>Lee v. Clinton</u>, 209 F.3d 1025, 1026 (7th Cir. 2000).

The December 31, 2019 order dismissed the petition because the court concluded that the Wisconsin Court of Appeals did not make an unreasonable determination of fact or law in concluding that the evidence was sufficient to support the petitioner's convictions. The court believes it highly unlikely that the Seventh Circuit will disagree, but it cannot say that no reasonable person could suppose that any of the petitioner's claims have merit. Accordingly, the court cannot conclude that the appeal is frivolous. The court will grant the petitioner's motion for leave to proceed *in forma pauperis* on appeal.

The court **DENIES** the petitioner's motion to withdraw filing fee from release account only. Dkt. No. 63.

The court **GRANTS** the petitioner's motion for permission to appeal *in forma pauperis.* Dkt. No. 64.

Dated in Milwaukee, Wisconsin this 18th day of June, 2020.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**